
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

August 3, 2018

Sandra A. Crawshaw-Sparks
Member of the Firm
d +1.212.969.3915
f 212.969.2900
scrawshaw@proskauer.com
www.proskauer.com

By ECF

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Vingt Communications Limited v. Sony Music Entertainment*, No. 1:18-cv-05327 (PKC)

Dear Judge Castel:

This firm represents defendant Sony Music Entertainment ("Sony") in this action. We write in accordance with Rule 4.A of your Honor's Individual Practices to request the Court's permission to move to stay this case pending the resolution of a predicate litigation in the Federal High Court, Lagos Division, in Nigeria, and to further request that Sony's deadline to respond to the Complaint be stayed while briefing on the proposed motion proceeds.[1]

Each of the claims alleged against Sony in the present litigation — tortious interference with contract, unjust enrichment, and money had and received — is premised upon the notion that the April 17, 2016 "LP Licensing Agreement" between Plaintiff Vingt Communications Limited ("Vingt") and Nigerian singer/songwriter Ayodeji Balogun, professionally known as "Wizkid" ("Wizkid") (the "Vingt/Wizkid Agreement") is valid and enforceable, and that Vingt's alleged rights thereunder were not terminated pursuant to a later buyout agreement between Vingt and Wizkid (the "Buyout"). The Vingt/Wizkid Agreement and Buyout are the subject of a pending direct enforcement action — which Plaintiff failed to mention in its Complaint here — previously filed by Vingt against Wizkid in Nigeria on December 29, 2017 (the "Nigerian Action"). In the Nigerian Action, Vingt seeks, among other relief, a "declaration that the purported grant of interests/rights to Sony Music Entertainment . . . is infringement of copyright of the Plaintiff in the musical compilation which has been exclusively licensed to Plaintiff [pursuant to the Vingt/Wizkid Agreement]." *See* **Exhibit A** (Statement of Claim in *Vingt Communications Limited v. Ayodeji Balogun (aka Wizkid)*, No. FHC/L/CS/2007/17, ¶ 29(c)).

---

[1]   The initial pretrial conference in this matter is scheduled for September 17, 2018 at 12:30 p.m. [Dkt. 12] The proposed briefing schedule on Sony's anticipated motion would provide for full briefing in advance of this conference.

**Proskauer»**

Hon. P. Kevin Castel, U.S.D.J.
Page 2

The bottom line is that the present litigation is premature and should await the Nigerian court's decision with respect to the enforceability of the Vingt/Wizkid Agreement, to avoid the risk of inconsistent results between the two litigations and in keeping with bedrock principles of judicial economy.

Sony proposes the following briefing schedule for its proposed motion to stay:

| Opening Brief | Due August 13, 2018 |
|---|---|
| Opposition Brief | Due August 27, 2018 |
| Reply Brief | Due September 4, 2018 |

FACTUAL AND LEGAL BASES FOR THE MOTION TO STAY

**A. Factual Background**

According to the Complaint in this action, Vingt, a Nigerian music company, and Nigerian singer/songwriter Wizkid entered into the Vingt/Wizkid Agreement on April 17, 2016. Compl. [Dkt. 1] ¶¶ 6, 7 & Ex. 1 thereto. The Vingt/Wizkid Agreement is governed by Nigerian law and selects Nigerian courts as a forum for the resolution of any disputes under and/or concerning that agreement. Compl. Ex. 1 ¶ 15.10. Also according to the Complaint, in May 2016, Vingt and Wizkid began discussing a proposed "buyout" wherein rights allegedly granted in the Vingt/Wizkid Agreement would be recovered by Wizkid. Compl. ¶¶ 20, 22-23. Months later, on or about September 13, 2016, Starboy Enterprises Limited ("Starboy") — which according to the Complaint is affiliated with Wizkid — entered into an agreement with Sony (the "Sony/Starboy Agreement") wherein Starboy licensed at least one album to Sony. *Id.* ¶ 26. The negotiations for the Sony/Starboy Agreement took place in England. Plaintiff alleges that at least four songs that were exclusively licensed to Vingt pursuant to the Vingt/Wizkid Agreement were also the subject of the Sony/StarboyAgreement. *Id.* ¶ 31.

On December 29, 2017, Vingt commenced an action in Nigerian Federal High Court, in the Lagos Division, seeking declarations that the Vingt/Wizkid Agreement transferred copyright ownership over certain works created by Wizkid to Vingt, that Wizkid did not retain rights in the affected works after the effective date of the Vingt/Wizkid Agreement, and that the "purported grant of interests/rights to Sony Music Entertainment" over certain works was an "infringement" of Vingt's "copyright" in those works. *See* Exhibit A, ¶ 29 (a-d). Vingt also seeks monetary relief in the Nigerian Action against Vingt. *See id.* ¶ 29 (e-i). Sony is not a party to the Nigerian Action.

On June 13, 2018, Vingt commenced the present action in the Southern District of New York (the "New York Action"). *See* Complaint, Dkt. 1. Vingt neither named Wizkid as a party to the New York Action, nor disclosed its prior-filed Nigerian Action against Wizkid. Vingt alleges that Sony was informed of the existence of an agreement between Vingt and Wizkid,

Compl. ¶ 29, but the Complaint contains no allegations with respect to Sony's awareness of the proposed Buyout or subsequent negotiations between Vingt and Wizkid. Vingt asserts claims of tortious interference with contract, unjust enrichment, and money had and received against Sony.[2] *Id.* ¶¶ 36-64.

### B. The *Royal and Sun Alliance* Factors And Principles Of Judicial Economy Strongly Support A Stay Of The Present Litigation

This Court has the inherent authority to stay an action based on the pendency of a related proceeding in a foreign jurisdiction. *Tarazi v. Truehope Inc.*, 958 F. Supp. 2d 428, 432-33 (S.D.N.Y. 2013); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Courts evaluate the propriety of staying an action due to a prior pending foreign action by weighing the nonexclusive factors set forth in *Royal and Sun Alliance Insurance Company of Canada v. Century International Arms, Inc.* 466 F.3d 88 (2d Cir. 2006). Here, all of the *Royal and Sun Alliance* factors weigh in favor of staying the present action pending the resolution of Vingt's Nigerian Action against Wizkid.

First, the present action and the Nigerian Action are "parallel" — that is, "'substantially the same [parties are] litigating substantially the same issues' simultaneously in two fora." *Tarazi*, 958 F. Supp. 2d at 433 (quoting *Royal and Sun Alliance*, 466 F.3d at 94) (alteration in original). Here, with respect to similarity of the parties, Vingt is the plaintiff in the present action as well as in the Nigerian Action. If/when the New York Action goes forward, Sony anticipates that it will file a cross-claim against Wizkid and/or Starboy, at which point the parties in both litigations will be identical with the exception of Sony and Starboy. But as in *Tarazi*, Sony's and Starboy's interest in the Nigerian action, to the extent they have one, would be aligned with Wizkid's. *See Tarazi*, 958 F. Supp. 2d at 434-35 (any interest that an extra defendant in the New York litigation that was not part of the Canadian litigation had in the Canadian litigation was aligned with that of another defendant, which was part of the Canadian litigation, "in that both entities seek a ruling that allows for the enforceability of" a particular agreement). Any interest of Sony's or Starboy's in the Nigerian Action would be aligned with Wizkid's in that both would seek a ruling in the Nigerian Action that either refuses to enforce the Vingt/Wizkid Agreement or enforces the Buyout, thereby allowing for the full enforceability of the Sony/Starboy Agreement. Therefore the parties in the present action and the Nigerian Action are substantially similar. *Id.* at 435.

With respect to similarity of issues, the validity and enforceability of the Vingt/Wizkid Agreement is central to both actions. If the Nigerian court rules in favor of Wizkid on the merits with respect to Vingt's action to enforce the Vingt/Wizkid Agreement, Vingt's claims in this

---

[2] Unlike in the Nigerian Action, the Complaint in the New York Action does not allege that Sony infringed copyrights allegedly granted by Wizkid to Vingt.

Proskauer»

Hon. P. Kevin Castel, U.S.D.J.
Page 4

action will be eliminated. The issues of the Nigerian Action and the New York Action are therefore substantially similar. *See Tarazi*, 958 F. Supp. 2d at 435; *Ole Media Management, L.P. v. EMI April Music, Inc.*, 2013 WL 2531277, at *4 (S.D.N.Y. June 10, 2013). If the Vingt/Wizkid Agreement is found to be invalid and unenforceable in the Nigerian Action, or the Buyout is found to be enforceable, then Vingt had no rights under the Vingt/Wizkid Agreement and Sony cannot be liable for allegedly tortiously interfering with it. Similarly, if the Vingt/Wizkid Agreement is found to be invalid and unenforceable in the Nigerian Action, or the Buyout is found to be enforceable, there is no basis for Vingt's unjust enrichment or money had and received claims in this action. Because the validity and enforceability of the Vingt/Wizkid Agreement, and invalidity of the Buyout, are predicate issues underlying all of Vingt's claims in this action, those issues would necessarily have to become part of the present action if/when it is to go forward. This creates a significant risk of inconsistent results between the Nigerian Action and the New York Action, as both courts would be considering the same issues. Because the parties and issues in the Nigerian Action and in this action are substantially similar, the actions are parallel. *Tarazi*, 958 F. Supp. 2d at 435.

The other *Royal and Sun Alliance* factors — including the order in which the actions were filed, the connection between the litigation and the United States, the connection between the litigation and the foreign jurisdiction, the adequacy of the alternate forum, the potential prejudice to either party, and the convenience of the parties — also weigh in favor of staying this action. The Nigerian Action was filed first, by the same plaintiff, nearly six months before the filing of the present litigation. The United States has no connection to the underlying facts here — as far as we know, the relevant negotiations with respect to the proposed buyout of the Vingt/Wizkid Agreement and the Sony/Starboy Agreement all took place in either Nigeria or England. Conversely, Nigeria does have a substantial connection to this dispute. Vingt is a Nigerian company and Wizkid is a "foremost Nigerian musician" with a place of residence in Nigeria. *See* Exhibit A, ¶ 2. The Vingt/Wizkid Agreement is also governed by Nigerian law and selects Nigerian courts as a forum. Compl. Ex. 1 ¶ 15.10. There is no reason that the Nigerian forum should be inadequate, prejudicial, or inconvenient for Plaintiff Vingt as Vingt chose Nigeria as its forum before it selected the Southern District of New York for this action. Therefore, the *Royal and Sun Alliance* factors weigh in favor of staying this action due to the prior pending foreign action.

At least two other considerations weigh in favor of staying this action. First, Vingt's attempt to plead around the Nigerian action in the Complaint it filed with this Court should weigh in favor of staying this action. At a minimum, Vingt should have advised the Court in its Complaint of the existence of its prior-filed and pending predicate action. In addition, the interests of judicial economy would be best served by a stay of this action. A stay would allow the Nigerian court to evaluate the Vingt/Wizkid Agreement under Nigerian law without duplication of effort by this Court and without the need for expert testimony. *See, e.g.*, *Tarazi*, 958 F. Supp. 2d at 438 ("Written or oral expert testimony accompanied by extracts from various kinds of foreign legal materials remains the basic mode of proving foreign law.") (quoting *Bigio v. Cocal-Cola Co.*, 2010 WL 3377503, at *4 (S.D.N.Y. Aug. 23, 2010). This is the type of



Hon. P. Kevin Castel, U.S.D.J.
Page 5

"exceptional" case where principles of international comity, the risk of inconsistent results, and judicial economy all but compel a stay of the present action pending the resolution of the Nigerian proceedings.

      For the foregoing reasons, which Sony intends to expand upon in its proposed motion, a stay of this action is warranted pending the resolution of the prior-filed Nigerian proceedings Vingt commenced against Wizkid.

      Because the Nigerian court's determinations as to the Vingt/Wizkid Agreement and Buyout will affect Sony's ability to evaluate the allegations of the Complaint in this action, Sony's proposed motion to stay will include a request that its response to the Complaint be extended until the later of (a) the expiration of any stay this Court enters pursuant to the proposed motion or (b) a reasonable period of time after this Court's resolution of the motion.

      We thank the Court for its attention to this matter.

                                    Respectfully yours,

                                    */s/ Sandra A. Crawshaw-Sparks*
                                    Sandra A. Crawshaw-Sparks

cc:      All Counsel of Record (by ECF)