

Justin A. Kuehn

March 25, 2019

**BY ECF**

Hon. P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

      Re:    *Vingt Communications Ltd. v. Sony Music Entertainment;*
             *Case No. 18-cv-5327 (PKC)*

Dear Judge Castel:

      This law firm represents third-party defendants Starboy Entertainment Ltd. ("Starboy") and Ayodeji Ibrahim Balogun p/k/a Wizkid ("Wizkid") (collectively, "Third-party Defendants") in the above-captioned action.  I write in accordance with Rule 3.A of Your Honor's Individual Practices regarding Third-Party Defendants' anticipated motion to dismiss defendant/third-party plaintiff Sony Music Entertainment's ("Sony") third-party complaint [Dkt. No. 41] ("Third-Party Complaint" or "¶") under the express terms of the contract for *forum non conveniens* and, alternatively, under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  The next conference in this matter is currently scheduled for May 1, 2019 at 10:45 a.m.

### Factual Background

      On or around June 13, 2018, plaintiff Vingt Communications Limited ("Vingt") filed the underlying complaint in this action [Dkt. No. 1] ("Complaint") asserting claims for tortious interference with contract, unjust enrichment, and money had and received against Sony.  The gravamen of the Complaint is that Vingt had an enforceable agreement with Wizkid, under which certain works licensed to Vingt were included in an album entitled "Sounds from the Other Side" that various affiliates of Sony released on or about July 14, 2017.  Vingt further alleges that Sony knew about the alleged agreement between Vingt and Wizkid and, thereby, tortiously interfered with the Vingt-Wizkid agreement. ¶¶13-18.

      On or around October 29, 2018, Sony filed the Third-Party Complaint asserting claims for breach of contract and contractual indemnification against Starboy – an English entity – and Wizkid – a Nigerian citizen.  As alleged in the Third-Party Complaint on or around September

Hon. P. Kevin Castel, U.S.D.J.
March 25, 2019
Page | 2

13, 2016, Sony and Sony Music Entertainment Africa Limited ("Sony Africa") entered into an agreement with Starboy (the "Agreement"). The Agreement is comprised of a Linking Agreement, a Licence Agreement, a Distribution Agreement, and two Artist Inducement Letters. ¶19. The Linking, Licence, and Distribution Agreements were executed by Starboy. ¶¶19, 22. The Artist Inducement Letters were executed by Wizkid. ¶21. The Third-Party Complaint further alleges that under the Agreement, Third-Party Defendants must indemnify Sony for the full amount of any recovery, judgment, or verdict rendered against it by Vingt in the underlying action, as well as, interest, costs, and expenses including reasonable attorneys' fees. ¶¶43-60.

As set forth in the declaration of Wade Leak [Dkt. No. 22] ("Leak Dec.")[1], the components of the Agreement contain forum-selection/choice-of-law clauses, which select English courts and law for the resolution of disputes under the Agreement. Leak Dec. ¶12. Specifically, the Artist Inducement Letters[2] - the only component of the Agreement Wizkid is a party to – provides in section 10:

> This Agreement and all amendments and additions hereto shall be governed by the laws of England and the competent court in England shall have exclusive jurisdiction to determine all matters arising hereunder.

Leak Dec. ¶15.

The components of the Agreement between Sony/Sony Africa and Starboy – the Linking, Licence, and Distribution Agreements[3] – similarly select English courts and law. For instance, the Linking Agreement provides in section 5:

> That this Linking Agreement is subject to English Law and the Courts of England shall have exclusive jurisdiction with respect to all matters arising hereunder.

Leak Dec. ¶13. In addition, the Licence Agreement, provides in section 18(f):

> The parties hereby irrevocably submit to the sole jurisdiction of the courts of England for the resolution of any dispute arising under or in connection with the application of this Licence Agreement, provided that SME may elect to bring proceedings in any other country for the purpose of enforcing its rights in such country.

Leak Dec. ¶14.

---

[1] Wade Leak is Senior Vice President, Deputy General Counsel and Chief Compliance, Ethics and Privacy Officer of Sony.
[2] One of the Artist Inducement Letters is between Sony Africa and Wizkid.
[3] The Distribution Agreement is between Sony Africa and Starboy and is not directly implicated in this dispute. In all events, this document provides in relevant part, "[t]his Distribution Agreement shall be governed by and subject to the jurisdiction of the laws of England."

Hon. P. Kevin Castel, U.S.D.J.
March 25, 2019
Page | 3

## Argument

**I.     The Agreement's Forum Selection Clauses Require Dismissal for *Forum Non Conveniens***

*Forum Non Conveniens* is the appropriate way to enforce a forum-selection clause when, as is the case here, the express terms of a contract require a certain foreign forum. *See Atl. Mar. Constr. Co. v United States Dist. Ct.*, 571 U.S. 49, 60 (2013). In this context, the Second Circuit has held that a forum-selection clause is "presumptively enforceable" if (1) the clause is "reasonably communicated to the party resisting enforcement"; (2) if the clause is mandatory, rather than permissive; and (3) the clause encompasses the plaintiff's claims. *Martinez v Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). If these conditions are satisfied, the clause must be enforced unless (4) the opposing party makes a "sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid." *Id.* Under the *Martinez* framework, if there is a choice-of-law clause, as is also the case here, the factors determining enforceability – one and four – are determined under U.S. federal law, while the factors concerning interpretation – two and three – are determined under the body of law selected in the choice of law clause (in this case English law).

In *Martinez*, the Second Circuit extensively discussed English law regarding interpretation of forum-clauses and the leading English-case on the topic. *Fili Shipping Co. Ltd. v. Premium Nafta Prods. Ltd.*, [2007] UKHL 40, [13] (referred to as the *Fiona Trust* case). While *Fiona Trust* involved an arbitration clause, the decision refers broadly to the interpretation of "jurisdiction clauses" and English courts have applied the holding to cases involving forum selection clauses. *Martinez*, 740 F.3d at 226 (citing *In UBS AG v. HSH Nordbank AG*, [2009] EWCA (Civ) 585, [82] (holding that "[t]he proper approach to the construction of clauses agreeing jurisdiction is to construe them widely and generously," and that "in the usual case the words 'arising out of' or 'in connection with' apply to claims arising from pre-inception matters such as misrepresentation"); *Skype Technologies SA v. Joltid Ltd.*, [2009] EWHC 2783 (Ch), [3], [18] (finding that an effort to distinguish between forum selection clauses covering "any claim" versus "any dispute" was "based on an unduly narrow reading of the clause" and represented "exactly the kind of fine distinction … deplored in the *Fiona Trust*.")). The Second Circuit explained that the House of Lords, now the U.K. Supreme Court, approved of the *Fiona Trust* holding and determined that there should be a presumption that an arbitration clause, and by extension forum-selection clauses, encompasses all disputes "unless the language makes it clear that certain questions were intended to be excluded from the arbitrator's jurisdiction." *Id.*; *see also AMTO, LLC v Bedford Asset Mgt., LLC*, 168 F Supp. 3d 556, 566 (S.D.N.Y. 2016).

Under *Martinez,* the forum-clause in the Artist Inducement Letter with Sony – the only component to which Wizkid is a party – is enforceable and warrants dismissal. First, the clause was reasonably communicated to Sony. Sony is a global corporate entity represented by counsel. It was well aware of the forum-clause in the three-page Artist Inducement Letter. Second, the plain language of the clause, which states, "England shall have exclusive jurisdiction" demonstrates it is mandatory. Third, the clause which covers, "all matters arising hereunder" also, by its plain meaning, encompasses the claims asserted in the Third-Party Complaint.

Finally, no basis is alleged in the Third-Party Complaint to establish that enforcement would be "unreasonable or unjust, or that the clause was invalid." Accordingly, this clause must be enforced.

Similarly, the forum-clauses applicable to Starboy also require enforcement and dismissal. Both of these clauses (1) were reasonably communicated to Sony, (2) are mandatory, (3) encompass the claims asserted against Starboy, and (4) are not unreasonable, unjust, or invalid. Sony disregards the applicable forum-clauses, and incorrectly relies on only the second portion of Licence Agreement section 18(f). ¶¶6-7. The second portion of Section 18(f) does not apply and does not establish jurisdiction in this Court.

Sony's argument is the exact type of tortured interpretation rejected by *Fiona Trust*. Suing a foreign company (Starboy) and a foreign person (Wizkid), under an agreement subject to foreign law (English) and primarily negotiated in a foreign country (England), are plainly not "proceedings in [the U.S.] for the purpose of enforcing [Sony's] rights in [the U.S]" as is required for the second portion of section 18(f) to be applicable. Rather, it is the exact situation contemplated by the first portion of section 18(f) – a "dispute arising under or in connection with the application of this Licence Agreement." If Sony and Starboy wanted the right to bring an indemnity claim in the same court as the underlying claim they could have included that in the Agreement. They did not. Instead, they explicitly selected the courts of England to resolve disputes concerning their contractual rights under the Agreement under English law. *See Martinez*, 740 F3d at 227 ("Interpretive rules inform the meaning ascribed to contractual terms, and contracting parties may avoid their effect by using different words").

Even if the second portion of Licence Agreement section 18(f) had any application to this dispute, which it does not, Sony's attempt to apply it to Wizkid "as a party" is meritless. ¶¶6-7. Wizkid is not a party to the Licence Agreement. The language Sony incorrectly relies on to attempt to circumvent this reality is facially inapplicable. ¶7. In the Artist Inducement Letter for the Licence Agreement, Wizkid only agrees to perform in Starboy's place "as a party" to the Licence agreement if Starboy fails to perform. ¶¶7, 35. Under the Licence Agreement, only a judgment or settlement triggers indemnity. ¶¶37-39. Neither has occurred to date. Therefore, Starboy cannot possibly have failed to perform in the context of this lawsuit. Sony, does not, and cannot, allege otherwise.

Further, even if relevant, the "as a party" language is set forth in the Artist Inducement Letter *for the Licence Agreement*, which, as discussed above, has its own forum-clause, naming England as the exclusive forum. Any attempt by Sony to enforce the Artist Inducement Letter *for the Licence Agreement* against Wizkid is subject to the forum-clause in that component.

Parties are free to bargain and contract as they choose, and courts must defer to those decisions. If Sony was unsatisfied with the terms of the inducement it should have sought different terms. Sony cannot now, through its Third-Party Complaint, renegotiate a new choice of forum clause. Finally, Sony's allegations regarding veil piercing are conclusory and, therefore, insufficient. The Agreement is clear – any dispute between Sony and Third-Party Defendants "arising" under the Agreement must be brought in England. Accordingly, the Third-

Party Complaint must be dismissed under the doctrine of *forum Non Conveniens*.

## II.  The Third-Party Complaint also fails for Lack of Personal Jurisdiction

"New York Law governs personal jurisdiction over nondomiciliaries in a diversity action brought in a [federal] district court sitting in New York." *Mirman v. Feiner*, 900 F. Supp. 2d 305, 311 (E.D.N.Y. 2012). "Under New York law, there are two bases for personal jurisdiction over out-of-state defendants: (1) general jurisdiction pursuant to C.P.L.R. § 301, and (2) long-arm jurisdiction pursuant to C.P.L.R. § 302." *Foundry, A Print Comm'ns Co. v. Trade Secret Web Printing, Inc.*, No. 11 Civ. 9553, 2012 US Dist. LEXIS 103742, at *10-11 (S.D.N.Y. July 25, 2012).  In addition, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Id*. at *10.

Sony fails to allege any New York contacts or conduct sufficient to vest the Court with general or specific jurisdiction under the long-arm statute.  Nor are the contacts alleged sufficient to satisfy the minimum contacts required to satisfy due process. *Foundry*, 2012 US Dist. LEXIS 103742, at *16 (explaining that to satisfy due process, "a defendant's contacts with the forum must be 'continuous and systematic,' or the suit must arise out of or be related to those contacts.") (citing *Helicopteros Nacionales De Colombia v Hall*, 466 U.S. 408, 416 (1984)).  In addition, as shown above, the forum-clause contained in the Licence Agreement, which Wizkid is not a party to, does not grant jurisdiction to this Court over either Third-Party Defendant.

Consequently, the Third-Party Complaint should be dismissed.

### Proposed Schedule

Plaintiff and Third-Party Defendants are in the process of scheduling mediation during May in London to attempt to resolve the underlying dispute in this matter.  Sony is willing to participate in this mediation to the extent Plaintiff and Third-Party Defendants believe its attendance will be helpful to a successful mediation.  Accordingly, Third-Party Defendants request that the Court stay briefing on their motion until mediation is completed.  In the event that the proposed stay is not acceptable to the Court, Third-Party Defendants request permission to file their motion on or before April 19, 2019.

I have consulted with counsel for Plaintiff and Sony who consent to the requested stay.

Thank you for your attention to this matter.  We are available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

Justin Kuehn

cc: All Counsel of Record (by ECF)