

Justin A. Kuehn

April 19, 2019

**BY ECF**

Hon. P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

>	Re:	Vingt Communications Ltd. v. Sony Music Entertainment;
>		Case No. 18-cv-5327 (PKC)

Dear Judge Castel:

This law firm represents third-party defendants Starboy Entertainment Ltd. ("Starboy") and Ayodeji Ibrahim Balogun p/k/a Wizkid ("Wizkid") (collectively, "Third-party Defendants") in the above-captioned action.  I write in accordance with Your Honor's instructions at the pre-motion conference held on April 8, 2019 [Dkt. no. 57] and Rule 3.A of Your Honor's Individual Practices regarding Third-Party Defendants' anticipated motion to dismiss defendant/third-party plaintiff Sony Music Entertainment's ("Sony") amended third-party complaint [Dkt. No. 58] ("Amended Third-Party Complaint" or "¶") under the express terms of the contract for *forum non conveniens*.  The next conference in this matter is currently scheduled for September 23, 2019 at 11:30 a.m.

## Procedural Background

On March 25, 2019, Third-Party Defendants filed a pre-motion letter concerning their anticipated motion to dismiss Sony's original third-party complaint [Dkt. No. 53] ("First Letter").  On March 29, 2019, Sony filed its responding letter [Dkt. No. 54], but did not seek leave to amend.  On April 8, 2019, a pre-motion conference was held at which Sony, for the first time, sought leave to amend its third-party complaint.  On April 15, 2019, Sony filed the Amended Third-Party Complaint.

Hon. P. Kevin Castel, U.S.D.J.
April 19, 2019
Page | 2

**Argument**

**The Agreement's Forum Selection Clauses Require Dismissal**

As set forth in Third-Party Defendants' First Letter, on or around September 13, 2016, Sony and Sony Music Entertainment Africa Limited ("Sony Africa") entered into an agreement with Starboy (the "Agreement"). The Agreement is comprised of a Linking Agreement, a Licence Agreement, a Distribution Agreement, and two Artist Inducement Letters. ¶26.  The Linking, Licence, and Distribution Agreements were executed by Starboy. ¶¶26, 30.  The Artist Inducement Letters were executed by Wizkid. ¶28.  Each component of the Agreement contains forum-selection/choice-of-law clauses, which requires English courts and law for the resolution of disputes under the Agreement. Declaration of Wade Leak ("Leak Dec.") ¶12.[1]  The Amended Third-Party Complaint incorrectly asserts that under the second clause contained in Licence Agreement section 18(f) Sony may sue Third-Defendants in this Court.  As explained below, as is the case here, when a forum-selection clause requires a foreign forum the court must grant dismissal for *forum non conveniens*.

  **A. Applicable Legal Standard**

*Forum non conveniens* is the appropriate way to enforce a forum-selection clause when the express terms of a contract require a certain foreign forum. *See Atl. Mar. Constr. Co. v United States Dist. Ct.*, 571 U.S. 49, 60 (2013).  As the Supreme Court held in *The Bremen v Zapata Off-Shore Co.*, 407 US 1, 15 (1972), the existence of a forum-clause materially modifies the doctrine of *forum non conveniens* by shifting the presumption in favor of the contractually selected forum and away from plaintiff's chosen forum.

In this context, the Second Circuit has held that a forum-selection clause is "presumptively enforceable" if (1) the clause is "reasonably communicated to the party resisting enforcement"; (2) if the clause is mandatory, rather than permissive; and (3) the clause encompasses the plaintiff's claims. *Martinez v Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). If these conditions are satisfied, the clause must be enforced unless (4) the opposing party makes a "sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid." *Id*.  Under the *Martinez* framework, if there is a choice-of-law clause, as is also the case here, the factors determining enforceability – one and four – are determined under U.S. federal law, while the factors concerning interpretation – two and three – are determined under the body of law selected in the choice of law clause (in this case English law).[2]

---

[1] Wade Leak is Senior Vice President, Deputy General Counsel and Chief Compliance, Ethics and Privacy Officer of Sony.
[2] English law on this point and application of *Martinez* is discussed in Third-Party Defendants' First Letter.

30 Wall Street, 8th floor, New York, NY 10005

Tel: (212) 709-8245    E-mail: jkuehn@moorekuehn.com
Dir: (917) 818-3045    Website: moorekuehn.com

### B. The Licence Agreement Requires Sony's claims be Brought in England

Licence Agreement section 18(f), provides:

> The parties hereby irrevocably submit to the sole jurisdiction of the courts of England for the resolution of any dispute arising under or in connection with the application of this Licence Agreement, provided that SME may elect to bring proceedings in any other country for the purpose of enforcing its rights in such country.

Leak Dec. ¶14.

Under the plain language of Licence Agreement section 18(f), Sony must file a "dispute arising under or in connection with the application of this Licence Agreement" in "the courts of England." The claims asserted in the Amended Third-Party Complaint for breach of the Licence Agreement and contractual indemnification under the Licence Agreement unambiguously fall under this clause.

The second clause of 18(f) – incorrectly relied on by Sony –applies only "for the purpose of enforcing its rights in such country." Thus, for the second clause of 18(f) to apply there must be a right specific to the country in which the proceeding is filed. Despite having so far written three letters to the Court defending its third-party complaint [Dkt. Nos. 36, 39, 54] and filing two versions of the pleading [Dkt. Nos. 41, 58], Sony again fails to identify a U.S. specific right.[3] Sony's tortured interpretation of the second clause of 18(f) gives no meaning to the limiting language and renders these words entirely redundant.

If Sony could file a claim in any country, the parties would have stopped after "provided that SME may elect to bring proceedings in any other country." They did not. Furthermore, that Sony claims it is harmed in the United States is not relevant because Sony alleges it is based in New York. As an entity headquartered in the United States, Sony will always be harmed in the United States. This would provide no limitation on Sony's ability to sue Starboy in the United States and expressly contradicts the parties' intent. Again, if this was the parties' intent, they would have stopped the clause after "other country," but they did not.

A review of Plaintiff's complaint ("Complaint") and the Amended Third-Party Complaint demonstrate that Sony is not enforcing a U.S. specific right, but rather, seeks only to enforce its general claim for indemnification under the Agreement. Nowhere does the Complaint limit its claims to violations of U.S. rights. To the contrary, all three cause of action asserted in the Complaint seek recovery based upon Vingt's alleged "worldwide" rights. See Complaint ¶¶ 37, 47, 56. Similarly, the Amended Third-Party Complaint seeks indemnification for the full amount of any recovery by Vingt, i.e., for Vingt's claimed "worldwide" damages. ¶¶71, 80. Tellingly, Sony admits the non-U.S. specific nature of Vingt's claims in response to the First Letter. *See*

---

[3] Both Third-Party Defendants and Plaintiff have repeatedly raised this point to Sony. *See* [Dkt. No. 38 at p. 1-2 and n. 1, Dkt. No. 53 at 4.

Hon. P. Kevin Castel, U.S.D.J.
April 19, 2019
Page | 4

[Dkt. No. 54 at 2 ("Vingt's main complaint in this case alleges that Third-Party Defendants' license to Sony covered the same songs to which Balogun [Wizkid] had previously granted Vingt an exclusive worldwide license. See, e.g., 3PC Ex. A ¶ 30 or Dkt. 1 ¶ 30)"].

Suing a foreign company (Starboy) and a foreign person (Wizkid), to enforce an agreement subject to foreign law (English) and primarily negotiated in a foreign country (England), is plainly a "dispute arising under or in connection with the application of this Licence Agreement." The exact situation contemplated by the first portion of section 18(f). Starboy – as discussed below, Wizkid is not a party to the Licence Agreement – is entitled to the benefits or its bargain, which requires this dispute be resolved in "the courts of England" a forum that is inarguably capable of doing so. Accordingly, the Amended Third-Party Complaint must be dismissed under the doctrine of *forum non conveniens*.

### C. Wizkid is not a party to the Licence Agreement

Even if Sony's interpretation of the Licence Agreement is correct, which it is not, the only component of the Agreement that Wizkid is a party is the Artist Inducement Letters. The Artist Inducement Letters[4] provides in section 10:

> This Agreement and all amendments and additions hereto shall be governed by the laws of England and the competent court in England shall have exclusive jurisdiction to determine all matters arising hereunder.

Leak Dec. ¶15. This forum-clause is controlling, enforceable, and warrants dismissal as to Wizkid regardless of which clause of Licence Agreement section 18(f) applies to Starboy under the License Agreement.

Sony's claim that Wizkid should be treated as a party to the License Agreement is a red herring. First, the "as a party" language relied on by Sony is set forth in the Artist Inducement Letter *for the Licence Agreement*, which, as shown above, has its own forum-clause, naming England as the exclusive forum. It is disingenuous, at best, for Sony to rely entirely on one section of the Artist Inducement Letter and ignore another, clearly governing, section. Second, Sony again ignores applicable limiting language. Viewed in full context it is clear "as a party" applies only if Starboy fails to perform. ¶¶14, 43. Under the Licence Agreement, only a judgment or settlement triggers indemnity. ¶¶45-46. Neither has happened. Therefore, Starboy cannot possibly have failed to perform in the context of this lawsuit. Sony, does not, and cannot, allege otherwise.

Third, Sony's allegations regarding veil piercing are insufficient. See *In re Tyson*, 433 BR 68, 86-90 (S.D.N.Y. 2010) (surveying veil piercing under English law). Sony also conveniently ignores that under section 8 of the Artist Inducement Letter for the Licence Agreement it already has a direct indemnification claim against Wizkid for any "breach of the Licence Agreement or representations, warranties or agreements contained herein." ¶48. Thus,

---

[4] One of the Artist Inducement Letters is between Sony Africa and Wizkid.

Sony's allegations (¶¶59-61) that the use of the corporate form shields Wizkid from supposed false representations in the License Agreement is expressly contradicted by the section 8 of the Artist Inducement Letter for the Licence Agreement. Given the language and effect of section 8 it is evident that Sony does not argue for veil piercing to prevent Wizkid from avoiding personal liability, but does so solely and futilely to avoid the Artist Inducement Letter's forum-clause.[5]

At a minimum the Third-Party Complaint should be dismissed as to Wizkid.

**Proposed Schedule**

Plaintiff and Third-Party Defendants have scheduled mediation for May 16th in London to attempt to resolve the underlying dispute in this matter. Sony is willing to participate in this mediation to the extent Plaintiff and Third-Party Defendants believe its attendance will be helpful to a successful mediation. Accordingly, Third-Party Defendants request that the Court stay briefing on their motion until after mediation. In the event that the proposed stay is not acceptable to the Court, Third-Party Defendants request permission to file their motion on or before May 10, 2019.

Counsel for Plaintiff and Sony consent, or have previously consented,[6] to the requested briefing stay.

Thank you for your attention to this matter. We are available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

Justin Kuehn

cc: All Counsel of Record (by ECF)

---

[5] Sony has also, thus far, provided no authority to support that veil piercing can be used to enforce a forum-selection clause. See [Dkt. Nos. 36, 38, 54].

[6] Plaintiff's counsel consented to the same stay requested in the First Letter. I was unable to reach Plaintiff's counsel in regard to the request contained in this letter.

30 Wall Street, 8th floor, New York, NY 10005

Tel: (212) 709-8245 | E-mail: jkuehn@moorekuehn.com
Dir: (917) 818-3045 | Website: moorekuehn.com